Chief Justice Robertson
delivered the Opinion of (he Court.
This only question presented in this case is, whether, in an action of assumpsit against partners, a plea by one of them, averring that they; did not assume within five years prior to the institution of the suit is a good defence?
Each defendant, in such a suit as well as in any other, against a plurality of persons, has a right to sever in pleading and may, of course, plead any matter which may bar or abate the action as to himself; and, as no one partner is under any legal obligation to pay, or contribute to the payment of a partnership debt barred by time, the statute of limitations must be an available defence for each or for all of them.
When one partner pleads the statute of limitations in bar of a joint suit against all the partners, he should aver that the partners did not assume within five years; as the plea does not deny the partnership, nor the joint assumpsit as charged in the declaration, it would not be good if it averred only that the party filing it had not assumed within five years, because an assumpsit, within that time, by any one of the copartners, might be the assumpsit of all, and might be obligatory on all of them; and a plea that one of them had not assumed within five years, would not be responsive to the declaration. Therefore, as one of the plaintiffs in error (sued as partners) pleaded that they had not assumed within five years next preceding the impetration of the writ, *263 the circuit court erred in sustaining a demurrer to llL plea. ■.
JIPHenry, for plaintiffs.
It would be premature now to decide whether, the plea be sustained, the whole action would be defeated, or whether it would be barred only as to the partner pleading the statute. That question does not arise on the demurrer to the plea, because the pica is a legal defence to the action by the partner who filed it, whether it may exonerate himself only, or may bar the whole action.
Judgment reversed, and cause remanded with instructions to overrule the demurrer.